UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICARDO SANCHEZ-GONZALEZ,<br><br>Defendant. | Criminal No. 05-386-09<br>ESH/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged by indictment with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. A detention hearing was commenced by the undersigned United States Magistrate Judge on October 28, 2005, and concluded on November 8, 2005.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Sanchez-Gonzalez                                                                                                  2

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

United States v. Sanchez-Gonzalez                                                                                             3

for which a maximum period of incarceration of ten years or more is prescribed.  18 U.S.C. § 3142(e).  An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142.  See United States v. Vargas, 804 F.2d 157, 163 (1st Cir, 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

The government introduced into evidence a written proffer summarizing the criminal histories of Defendant and the alleged co-conspirators, and the facts revealed during the course of the investigation which culminated in the indictment.  Additionally, the government proffered further information orally, and discussed the sections of the written proffer relevant to Defendant.  The government proffered that it believes Defendant's role was to monitor the "stash house" located at 9508 Potomac Drive, Fort Washington, Maryland.  Furthermore, the government proffered that Defendant is a citizen of Mexico, and that Defendant indicated he was a car salesman in Mexico and briefly came to the Washington area for business.

The government further proffered that when a warrant was executed at 9508 Potomac Drive, Fort Washington, Maryland, Defendant was located inside the residence.  The government proffered that this location was the "stash house," and that upon execution of the warrant, ninety-seven kilograms of cocaine, three kilograms of cocaine base, and $750,00 in cash shrink-wrapped in bundles was seized from the attic. Additionally, investigators seized $94,000 in cash and a money counting machine  from a bedroom on the first floor.

Defendant's counsel proceeded by proffer.  Defendant's counsel proffered that the weight of the government's evidence against Defendant was not strong enough to support pretrial

United States v. Sanchez-Gonzalez                                                                                                  4

detention.  Defendant's counsel argued that the government's evidence against Defendant is based on presence and association, and that the government presented no evidence that Defendant transported any controlled substances.  Additionally, Defendant proffered that no weapons were seized from Defendant's person or in the Potomac Avenue residence.  Furthermore, Defendant's counsel proffered that Defendant was not in close proximity to the seized contraband, and the government did not have any electronic surveillance evidence demonstrating Defendant's culpability.

Defendant's counsel asked that Defendant be released to return to either his brother in Pharr, Texas, or his sister in McAllen, Texas, and be supervised by Federal Pretrial Services in McAllen, Texas.  Defendant's counsel further proffered that Defendant has no prior criminal record, and that Defendant's relatives in Texas have indicated to counsel and Pretrial Services that Defendant could reside with them in Texas subject to any restrictions the court deems necessary.

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure defendant's appearance in court.  First, the nature and circumstances of the offense charged indicate that Defendant was allegedly significantly involved in a conspiracy to distribute wholesale quantities of cocaine and cocaine base, and that over ninety-seven kilograms of cocaine and $750,000 of cash was found at a home in which Defendant was located during the execution of a search warrant on October 24, 2005.

United States v. Sanchez-Gonzalez                                                                 5

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant, while largely circumstantial, is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is that Defendant has no ties to the District of Columbia, and his ties to the Texas community could be only minimally verified.

The undersigned has carefully considered the evidence proffered by Defendant and finds that while it is arguably sufficient to rebut the applicable presumption of dangerousness, it is wholly insufficient to rebut the applicable presumption of fugitivity.

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 28, 2005 Order of Detention.

                                                                         /s/
                                              DEBORAH A. ROBINSON
                                              United States Magistrate Judge

   November 17, 2005
DATE

   October 28, 2005
NUNC PRO TUNC