THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>   v. )<br>)<br>RICARDO SANCHEZ-GONZALEZ )<br>)<br>   Defendant. )<br>_____ ) | Criminal No. 05-386 (ESH) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION FOR EXCLUSION OF TIME
UNDER THE SPEEDY TRIAL ACT**

***COMES NOW***, Ricardo Sanchez-Gonzalez, the defendant through undersigned counsel, and, respectfully moves the Court to deny the government's request for exclusion of time under the speedy trial act. Specifically, the government appears to make two requests, firstly, pursuant to 18 U.S.C. §3161(h)(7), the government moves for an order excluding the calculation of time from the period of the initial appearances of the initial eight defendants to the time that the last defendant was arrested and presented on November 16, 2005. Secondly, pursuant to 18 U.S.C. §3161(h)(8)(A), (h)(8)(B)(ii), (h)(8)(B)(iv), the government requests an exclusion by arguing that the interests of justice so require.

**BACKGROUND**

Mr. Sanchez-Gonzalez is charged in an indictment along with eight other defendants. On or about October 24, 2005, Mr. Sanchez-Gonzalez was arrested pursuant to the indictment in this case. He was presented on October 25, 2005. Six of his co-defendants were arrested on or about October 24, 2005 and presented before the

court at the same time as Mr. Sanchez-Gonzalez. A ninth co-defendant, Kevin Holland, was brought before the court and presented on November 16, 2005.

## ARGUMENT

**I.     18 U.S.C. § 3161(h)(7) Analysis**

The Speedy Trial Act establishes time frames in which a defendant is required to be tried. "The trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161 (c)(1). The Act provides that certain periods of delay be excluded in computing the time within which the trial of any offense must commence. One such exclusion of time is "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C.§3161(h)(7). Here the government asserts that because the last indicted defendant was not arrested and presented until November 16, 2005, the speedy trial clock should not begin to run for the rest of the defendants in this case until this last defendant's appearance

The attribution of delay due to a codefendant is limited, however, by the requirement that the resulting delay must be reasonable. *See* 18 U.S.C. §3161(h)(7); *United States v. Sutton*, 801 F.2d 1346, 1365 (D.C. Cir. 1986). The issue here is what is considered "reasonable." This Circuit does not provide a framework to assess

reasonableness.[1]  Most circuits seem to "gauge reasonableness of delay on a case by case basis looking at the totality of circumstances.[2]

As part of this case by case analysis, courts of appeal have identified various factors to consider.  The Ninth Circuit held that under 3161(h)(7), the 'sheer length of delay" may be so egregious as to call into question its reasonableness.  *U.S. v. Messer*, 197 F.3d 330, 338 (9th Cir. 1999) (citations omitted).  Here what the government proposes is a delay of no greater than three weeks.  Considering that it is a finite time period and of relatively short duration, Mr. Ricardo-Sanchez takes no position.
.

**II.    18 U.S.C. § 3161(h)(8) Analysis**

The government also seeks an additional 180 days from November 16, 2005, the date the last defendant was presented.  It seeks this request asserting that because the discovery is voluminous and complex the government will need time to prepare it and provide it to the defendants and that the defendants will need a great amount of time to review the evidence once provided.  18 U.S.C. §3161(h)(8)(A) provides trial judges with flexibility to deal with complex or unusual cases.  However, "ends of justice" exclusions are to be "rarely used."  *United States v. Clymer*, 824, 828 (9th Cir. 1994).

The length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case. *See United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1198 (2d Cir.) ("indefinite delay" not tolerated), *cert.*

---

[1] In *United States v .Sutton*, 801 F.2d at 1365, the D.C. Circuit court appeared to find that a period of 55 days was a reasonable period of delay pursuant to 18 U.S.C. 3161§(h)(7).  That time period the Court noted provided adequate time for the newly indicted defendant to prepare for trial.  However, the Court describes no telltale analysis of what should be taken into consideration for a reasonableness determination.
[2] *See United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998); *United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984); *United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir. 1995); *United States v. Tobin*, 840 F.2d 867, 870 (11th Cir. 1988).

3

*denied,* 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989); Generally a trial court should set at least a tentative trial date in granting a complex case exclusion. *United States v. Gambino*, 59 F.3d 353, 358 (2nd Cir. 1995). Here the government does not seek to schedule a trial date because although the government seeks 180 days pursuant to (h)(8), the government alluded in its motion to the possibility of joining yet another defendant in this case and filing a superceding indictment thereby potentially causing the speedy trial clock to begin anew.

The government has been investigating this case, at least since May 2005. The government has had from at least May 2005, to begin amassing the evidence and put it into a form which it can disseminate to defense counsel and which it can use at trial. From the representations made in court it appears that the government should be able to provide a great deal of the discovery to the defense within a short time frame. Defense counsel have already received copies of the recordings in this case pursuant to the Title III wiretap.

Additionally, Mr. Sanchez-Gonzalez understands that as to him the discovery will not be overly voluminous and he will be able to review the discovery that specifically applies to him within much less time than the government appears to be asking for.[3] Mr. Sanchez-Gonzalez's telephone was not recorded pursuant to the Title III Wiretap and therefore, although there may be calls or other communications of him recorded, review of such material will not be overly time consuming.

The Speedy Trial Act assigns the court responsibility to protect both the defendant's and public's interest in the timely administration of justice. *U.S. v. Messer*,

---

[3] Although, the government specifically requests only 180 days under this reasoning, in reality the government anticipates more than just 180 days, as they intend to supercede the indictment at some point thereby, potentially causing the speedy trial clock to begin anew.

4

197 F.3d 330, 338 (9th Cir. 1999) (citations omitted). Here both interests can only be protected by denial of the government's (h) (8) request. As government intends to prolong the case as long as possible by both employing speedy trial exceptions as well as tactical decisions of when to supercede, both Mr. Sanchez-Gonzalez's interest and the public's interest in timely administration of justice is highly effected. Further, Mr. Sanchez-Gonzalez suffers prejudice from the delay. *See Messser*, 197 F.3d at 339 (one factor the court weighs is prejudice caused to the defendant by the delay); *see also Bieganowski*, 313 F.3d at 283. Psychologically, he suffers because each day his mind is under the pretrial stress of the cloud of this case hanging over him and by not knowing how long he will have to wait until trial begins he will suffer from the anxiety of knowing that he might have to wait a very long time.

### III.     Sixth Amendment Speedy Trial Reservation

Mr. Sanchez-Gonzalez does not abrogate his right to argue a Sixth Amendment speedy trial violation by opposing the government's requests pursuant to the Speedy Trial Act.[4] The Sixth Amendment provides in relevant part that [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI The Sixth Amendment protects a defendant's right to a speedy trial after arrest or indictment. *United States v. Thomas*, 55 F.3d 144, 149 (4th Cir. 1995). The speedy trial guarantee is intended to minimize pretrial incarceration, restrictions imposed on a defendant while on bail, and disruption caused by arrest and unresolved criminal charges. *See United States v. MacDonald*, 456 U.S. 1, 8 (1982); *United States v. Marion*, 404 U.S.

---

[4] Mr. Sanchez-Gonzalez reserves his right to argue a speedy trial violation under separate filing.

5

307, 320 (1971). A court must dismiss an indictment with prejudice when it determines that a defendant's Sixth Amendment right to a speedy trial has been violated. *See Barker v. Wingo,* 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *see also Strunk v. United States*, 412 U.S. 434, 439-40 (1973).

Respectfully submitted,

/ECA/

_____
Elita C. Amato
Counsel to Ricardo Sanchez-Gonzalez
D. C. Bar # 442797
1211 Conn. Ave., N.W., Suite 400
Washington, D.C. 20036
202-223-3210

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th of December, 2005, the foregoing Opposition filed electronically thereby causing automatic service on all parties.

/ECA/

_____
Elita C. Amato